USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/19/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
CARLOS VARGAS,                      :
          Plaintiff,                :
                                    :    09 Civ. 6606 (BSJ)(DCF)
     v.                             :    **Memorandum & Order**
                                    :
MICHAEL J. ASTRUE,                  :
Commissioner of Social Security     :
          Defendant.                :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Plaintiff Carlos Vargas ("Plaintiff") to the Report and Recommendation ("R&R") issued by Magistrate Judge Debra C. Freeman. The R&R recommended that this Court grant the motion for judgment on the pleadings filed by Defendant Commissioner of Social Security ("Defendant") and deny Plaintiff's cross-motion for the same. For the reasons that follow, the Court overrules Plaintiff's objections and adopts the R&R in its entirety.

## PROCEDURAL BACKGROUND

On September 4, 2007, Plaintiff filed an application for Supplemental Security Income claiming a disability due to multiple osteochondromatosis, asthma, and a learning disability.[1] (See R. 60, 140.) The Social Security Administration ("SSA")

---

[1] The Court presumes familiarity with the R&R, which sets forth the facts and procedural history of this case at length. Citations to the administrative record are indicated by "R. \_\_\_."

denied Plaintiff's application on January 16, 2008. (R. 40-43.) Plaintiff requested a hearing before an administrative law judge ("ALJ") and later appeared pro se at an administrative hearing held November 18, 2008. (R. 24, 44-46.) Following the hearing, the ALJ issued a Notice of Decision on January 23, 2009, finding that Plaintiff was not disabled and affirming the SSA's denial of benefits. (R. 8-21.)

Plaintiff then initiated this action by seeking review of the ALJ's decision. (Dkt. 2.) On August 27, 2009, this Court referred this matter to Judge Freeman. (Dkt. 5.) Defendant filed an Answer on December 7, 2009. (Dkt. 7.) On May 11, 2010, and June 7, 2010, the parties filed cross-motions for judgments on the pleadings. (Dkt. 10, 12.) Defendant contended that the ALJ's determination should be upheld because it was supported by substantial evidence. Plaintiff, on the other hand, maintained that the record lacked substantial evidence to support the ALJ's decision.

On November 8, 2011, Judge Freeman issued an R&R (Dkt. 17) recommending that the Court grant Defendant's motion for judgment on the pleadings and deny Plaintiff's cross-motion. (See R&R at 29.) Plaintiff filed his Objections to the R&R (Dkt.

18) on November 22, 2011, and Defendant filed a Response to those objections on January 4, 2012.[2] (Dkt. 20.)

**DISCUSSION**

## I. Legal Standard

This Court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1). "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,'" a report is reviewed for clear error. Brown v. Ebert, No. 05-CIV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04-CIV-1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)). The Court reviews de novo the portions of a report to which objections are filed. 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

## II. Analysis

When reviewing a decision regarding disability benefits, this Court is "limited to a determination of whether the decision is supported by substantial evidence in the record as a whole." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002) (internal citations and quotations omitted). Substantial

---

[2] Defendant's time to respond was extended by an endorsed letter dated December 5, 2011. (Dkt. 19.)

evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

As an initial matter, the Court has reviewed the findings and conclusions in R&R and finds them to be thorough, well-reasoned, and not clearly erroneous. Plaintiff objects to the R&R on the basis that Judge Freeman (1) erred in finding that the ALJ adequately developed the record; (2) erred by concluding that Plaintiff did not meet the criteria under section 12.05(C); and (3) erroneously relied on the medical-vocational guidelines in determining that Defendant had shown that Plaintiff could perform other sedentary work. (See Pl.'s Objections to the Magistrate Judge's Report and Recommendation ("Objections") at 2, 8, 14.) The Court reviews these conclusions de novo.

### A. Development of the Record by the ALJ

First, Plaintiff contends that Judge Freeman failed to consider his claim that the ALJ did not adequately develop the record in this case. (Objections at 2.) Plaintiff objects that "[o]ther than one conclusory sentence, the Magistrate Judge did not address this argument." (Id.) In fact, however, the R&R meticulously reviewed the evidence in the record supporting the ALJ's decision with regard to whether Plaintiff's impairment met the criteria under section 12.05 before reaching this

4

conclusion.[3] (See R&R at 19-25.) Only after this review did Judge Freeman conclude that "the ALJ fulfilled his duty to develop the administrative record and that substantial evidence supports the ALJ's finding that Plaintiff did not have 'deficits in adaptive functioning.'" (Id. at 25.)

The Court's own review of record compels the same conclusion. An ALJ must "adequately protect a pro se claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered." Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) (internal citation omitted). However, the record in this case includes Plaintiff's testimony before the ALJ (R. 22-38); educational records (R. 74-134); disability report (R. 139-46); function report (R. 147-54); and medical records (R. 166-75). The record also contains reports from Drs. Barbara Akresh (R. 176-84) and Jyothi Kudakandira (R. 185); an intelligence test report from Dr. Edward Hoffman (R. 186-89); and a psychiatric review (R. 190-203) and mental residual functional capacity assessment (R. 204-07) from Dr. E. Kamin. During the administrative hearing the ALJ adequately supplemented the record with inquiries concerning Plaintiff's age, background, abilities, work experience, familial status, living conditions, daily activities, and medical history. (See

---

[3] Judge Freeman conducted a similar review of the record in connection with the ALJ's finding that Plaintiff was capable of performing sedentary work. (See R&R at 26-28.)

R. 26-37.) Although Plaintiff argues that the ALJ should have sought additional information, development of the record beyond the statutory requirements is within the discretion of the ALJ. See Snyder v. Barnhart, 323 F. Supp.2d 542, 545 n.3 (S.D.N.Y. 2004). The Court is satisfied that there was ample evidence in the record to serve as bases for the ALJ's conclusions. Thus, Plaintiff's objection that the ALJ did not adequately develop the record in this case has no merit.

**B. Application of Section 12.05(C)**

Next, Plaintiff contends that Judge Freeman erred by finding that Plaintiff did not meet the standard under section 12.05(C). The R&R found that Plaintiff did not satisfy the criteria under section 12.05(C) because "although it is true that the ALJ never refered [sic] to Section 12.05 . . . he did refer . . . to Section 12.00 of the listings, an overarching provision that, inter alia, requires evaluation of the same 'adaptive functioning' criterion at issue [under section 12.05(C)]." (R&R at 23.) In reaching this conclusion, Judge Freeman relied on the fact that "the ALJ made an explicit finding that Plaintiff 'showed adequate adaptive functioning.'" (Id.)

Plaintiff objects that Judge Freeman approved the decision of the ALJ and the Commissioner on different grounds than those on which they relied, and thus improperly "affirm[ed] an

6

administrative action on grounds different from those considered by the agency." Burgess v. Astrue, 537 F.3d 117, 131 (2d Cir. 2008) (citing Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999)). This is not, however, a correct reading of the R&R. Judge Freeman affirmed the ALJ's finding because the ALJ had found that Plaintiff did not demonstrate inadequate adaptive functioning – a necessary prerequisite to satisfying the conditions of section 12.05(C). (R&R at 23.) Since Plaintiff did not make this threshold showing, Judge Freeman found that he could not qualify under section 12.05(C). (Id.) Where the ALJ's analysis is sufficiently detailed for the Court to "determine whether [the ALJ] made the requisite findings," an explicit conclusion is not necessary. Cf. Crowell v. Astrue, No. 08-CIV-8019, 2011 WL 4863537, at *4 (S.D.N.Y. Oct. 12, 2011); Edwards v. Astrue, No. 07-CV-898, 2010 WL 3701776, at *4 (N.D.N.Y. Sept. 16, 2010). Contrary to Plaintiff's argument, the magistrate did not make findings in the first instance; rather, she reached the correct legal conclusions from the findings that were made by the ALJ.[4]

---

[4] Plaintiff also argues that his alleged adaptive functioning incapacities should be viewed as having manifested during his developmental period (i.e. before Plaintiff had reached the age of twenty-two). (See Objections at 11-12.) It is unnecessary to consider these arguments because the R&R clearly states "it is obvious that, to the extent that Plaintiff suffered from any disability . . . the disability had manifest[ed] 'before age 22.'" (R&R at 21 (emphasis in original).)

7

Plaintiff also objects that his qualifications under section 12.05(C) were judged under the wrong standard. Specifically, Plaintiff claims that Judge Freeman incorrectly applied "B" criteria set forth in section 12.00C.[5] (Objections at 9-10.) Plaintiff is correct that he is not required to satisfy both paragraph A and paragraph B criteria under section 12.05. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A). He is, however, required to "satisf[y] the diagnostic description in the introductory paragraph and any one of the four sets of criteria [under section 12.05]." Id. In order to satisfy the diagnostic description, Plaintiff must show that he has "deficits in adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. As indicated above, Judge Freeman relied on the ALJ's "explicit finding that Plaintiff 'showed adequate adaptive functioning'" to determine that Plaintiff did not satisfy the criteria under section 12.05.[6] (R&R at 23.) Thus, Judge Freeman's

---

[5] "B" criteria are "impairment-related functional limitations" considered in conjunction with specific medical findings under all sections except 12.05 and 12.09. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A).

[6] Plaintiff urges that the ALJ and Judge Freeman improperly relied on the criteria in section 12.05(D)(1)-(4). (Objections at 10.) The R&R recognizes that the ALJ relied on "four broad functional areas set out in the disability regulations for evaluating mental disorders . . . includ[ing] activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation" to find that Plaintiff did not have deficits in adaptive functioning. (R&R at 23 n.8 (internal citation omitted).) Similar criteria are found in section 12.05(D). However, section 12.05(C) applies to disorders not "severe enough" to preclude all "gainful activity" and requires an evaluation of "the degree of functional limitation" imposed by any impairments to determine whether an impairment is "severe." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A). The "broad functional areas" considered here by the ALJ are the appropriate criteria for evaluating severity as defined in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C). Given that these

conclusion is based not on Plaintiff's inability to satisfy "B" criteria, but on his inability to satisfy the diagnostic description.[7]

### C. Reliance on the Medical-Vocational Guidelines

Finally, Plaintiff contends that Judge Freeman erroneously relied on the medical-vocational guidelines in determining that Plaintiff could perform other sedentary work. (Objections at 16.) Judge Freeman concluded that reliance on the guidelines was proper and that additional vocational testimony was not required because the ALJ found that Plaintiff's "nonexertional limitations were 'minor' or 'minimal'." (See R&R at 28.) Plaintiff objects that his mental retardation is a significant nonexertional impairment that necessitated additional testimony from a vocational expert. (Objections at 15-16.)

The medical-vocational guidelines "take[] into account the claimant's residual functional capacity in conjunction with [his] age, education, and work experience." Zorilla v. Chater, 915 F. Supp. 662, 667 (S.D.N.Y. 1996). However, reliance on

---

criteria address the same "adaptive functioning" term and the SSA itself has yet to provide a definition, see Ali v. Astrue, No. 09-CIV-2123, 2010 WL 889550, at *5 (E.D.N.Y. Mar. 8, 2010), the Court cannot conclude that consideration of these approved areas for definitional purposes was improper.

[7] Plaintiff argues that he does satisfy the diagnostic description because Dr. Hoffman "diagnosed [Plaintiff] as suffering from mental retardation." (Objections at 10.) The ALJ considered this as well as other conflicting evidence before concluding that Plaintiff had not shown a deficit in adaptive functioning. (R. 18-19.) The existence of contrary evidence in the record does not compel this Court to reverse a reasoned decision made by the ALJ. See Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990). Judge Freeman found this conclusion was supported by substantial evidence and the Court agrees. (See R&R at 23-25.)

these guidelines is inappropriate where a nonexertional impairment "significantly" limits the claimant's working capacity. Bapp v. Bowen, 802 F.2d 601, 605 (2d. Cir. 1986).

The ALJ did not find that Plaintiff's range of work was so diminished as to require additional vocational testimony. Judge Freeman found that this conclusion was supported by substantial evidence. (See R&R at 27-28.) "[T]he mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines." Bapp, 802 F.2d at 603. Whether additional testimony is required must instead be "determined on a case by case basis." Id. at 605.

Judge Freeman concluded that the ALJ in this case determined that the Plaintiff did have a severe nonexertional impairment, but that this impairment was due to the "Plaintiff's bone condition, in combination with his mild mental retardation and asthma."[8] (R&R at 27-28 (emphasis in original).) Plaintiff's objection that Judge Freeman made this finding "without reference to the record" is unsupported.[9] (Objections at 16.) In

---

[8] Severity of an impairment may be due to a combination of impairments. See 20 C.F.R. § 416.920(a)(4)(ii).

[9] In fact, Plaintiff argues that "the ALJ found that Vargas' mental retardation and asthma were severe impairments," but it is Plaintiff's assertions that depart from the record. (Objections at 16). The ALJ explicitly found that "[t]he claimant's medically determinable mental impairment of borderline mental deficiency and mentally deficient range of intelligence does not cause more than minimal limitation . . . and is therefore nonsevere." (R. 13.)

fact, the R&R specifically references several portions of the record on which this conclusion is based.[10] (See R&R at 27-28.) The Court agrees that substantial evidence supports the ALJ's finding. As such, it was within the ALJ's discretion to require additional vocational testimony. Because the ALJ and Judge Freeman were justified in relying on the guidelines, see Bapp, 802 F.2d at 603, this objection is overruled.[11]

## CONCLUSION

For the forgoing reasons, the Court overrules the above objections to the R&R. To the extent that Plaintiff raises addition issues, these simply rehash arguments already considered and properly rejected by the Magistrate. See Brown, 2006 WL 3851152, at *2. Accordingly, the Court adopts the R&R in its entirety as thorough, well-reasoned, and not clearly erroneous. Plaintiff's cross-motion for judgment on the pleadings (Dkt. 12) is DENIED and Defendant's motion for judgment on the pleadings (Dkt. 10) is GRANTED. The Clerk of the Court is directed to terminate this case.

---

[10] The most obvious, of course, is the citation to the ALJ's actual finding that "[t]he claimant has the following severe impairment: [t]he claimant has multiple osteochondromatosis and mild mental retardation. Asthma." (R. 13 (emphasis added).) The R&R also cites a relevant portion of the "Applicable Law" section of the ALJ's opinion. (R&R at 28 n.10.) Finally, the R&R reviews the evidence that underlies the ALJ's decision. (See R&R at 28.)

[11] Plaintiff also argues that the ALJ failed to make specific findings with regard to his asthma. (Objections at 17.) The ALJ did, however, note Plaintiff's significant smoking habits (R. 17-18) and review Dr. Akresh's opinion that Plaintiff's asthma imposed only "mild limitations" (R. 18) before considering Plaintiff's asthma in combination with his other nonexertional limitations. (See R. 13.) The Court is not persuaded that additional, more specific findings were necessary.

11

SO ORDERED:

                                                  _____
                                                  BARBARA S. JONES
                                                  UNITED STATES DISTRICT JUDGE

Dated:      New York, New York
             November 19, 2012